IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CR-324-L |
| IMAN DELEON POWELL (01),<br>Defendant. | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR BILL OF PARTICULARS**

On October 2, 2026, Powell filed a Motion for Bill of Particulars. (Dkt. No. 64.) The government filed its response in opposition on October 15. (Dkt. No. 73.) United States Sam A. Lindsay referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). (Dkt. No. 78.)

A grand jury returned a two-count indictment on July 15, 2025, charging Powell and codefendant Da'Broderick Tramell Reed Law with interference with commerce by robbery and conspiracy to do so, both in violation of 18 U.S.C. § 1951. (*See* Dkt. No. 25.) Count One alleges that beginning on or before March 26, 2025, and continuing at least through April 24, 2025, the defendants conspired to rob an armored car. The conspiracy count alleges one overt act: that Powell, Law, and at least one other person robbed an armored car on April 24, 2025. Count Two charges a substantive Hobbs Act robbery and alleges that Powell, Law, and at least one other person, aiding and abetting each other, robbed an armored car on August 24, 2025.

By his motion, Powell requests a court order requiring the government to provide clarification or specific information on two matters. First, he notes that Count Two charges a robbery committed on August 24, 2025, which is inconsistent with the date alleged for the overt act alleged in Count One. Second, he requests a bill of particulars stating precisely Powell's conduct or role in the charged robbery and certain information about the government's understanding of the facts.

Fed. R. Crim. P. 7(f) authorizes a defendant to move for a bill of particulars. "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Boswell*, 109 F.4th 368, 383 (5th Cir.) (quoting *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977)), *cert denied*, 145 S. Ct. 780 (2024). A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Id.* at 384 (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)). In exercising its discretion whether to require a bill of particulars, a court "must balance the needs of the defendant against the Government's right not to disclose its witnesses, evidence, or legal theories." *United States v. Fenton*, No. 3:22-CR-0390-S, 2026 WL 1196634, at *1 (N.D. Tex. May 1, 2026) (quoting *United States v. Campbell*, 710 F. Supp. 641, 642 (N.D. Tex. 1989) (alteration brackets omitted)).

As to the different robbery dates alleged in Counts One and Two, Powell explains that, after reviewing discovery, he is uncertain whether Count Two's allegation of a robbery on August 25, 2025—which would have been after the date of the indictment—is an error or whether the government intends to prove a second robbery of which he is unaware and cannot discern from the discovery. In response, the government confirms that the date alleged in Count Two is a typographical error, represents that the proper date is April 24, 2025 (consistent with Count One), and expresses its intent to seek a superseding indictment to remedy the error. Having provided this clarification and relying on the government's intent to seek a superseding indictment, the Court concludes that it need not order a bill of particulars in this circumstance. *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (noting that "obvious typographical error" alleging wrong year did not constitute reversible error).

On his second point, Powell explains that the indictment generally alleges that at least three people were involved in the armored car robbery and that discovery indicates that two people got out of a vehicle during the robbery while a third remained inside. Powell seeks more specific allegations about: (1) the "approximate date or period, place, and nature of the conduct alleged to constitute Mr. Powell's agreement to joint the charged conspiracy," (2) his conduct and role in furthering the conspiracy or aiding and abetting the robbery, (3) the property Powell used or supplied to commit the robbery or gained as a result of it, (4) whether the

government contends that Powell attended a meeting at a particular address at the time of the charged robbery, and (5) the identity of any alleged coconspirator described in the indictment as unknown to the grand jury, if that person is now known to the government. The government opposes the motion on the basis that the indictment and discovery are together sufficient to provide any notice that is required and that some of the information sought goes beyond the permissible use of a bill of particulars.

The Court denies Powell's motion on this point. As corrected, the indictment gives adequate notice of the allegations that Powell must defend himself against at trial and enables him and a court to determine whether a subsequent prosecution would be barred by double jeopardy. To the extent his motion asks the government to specify his particular role in the alleged conspiracy, explain when or how he manifested an agreement to join the conspiracy, identify particular property he used for or received from the robbery, or state whether it believes he attended a particular meeting, these requests exceed the permissible uses of a bill of particulars and instead request disclosure of the government's theory of the case or expect a detailed exposition of its evidence. *See, e.g.*, *United States v. Hillis*, No. 4:23-CR-164-ALM-AGD-13, 2025 *United States v. Hillis*, No. 4:23-CR-00164-ALM-AGD-13, 2025 WL 2078433, at *5 (E.D. Tex. July 7, 2025) (denying motion seeking precise location of alleged acts); *United States v. Bethany*, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2

(N.D. Tex. Apr. 23, 2020) (denying motion seeking specific dates, locations, and manners that defendant possessed firearm).

The Court also Powell's request to have the government identify any coconspirator referred to in the indictment as unknown but since identified by the government. To the extent the government intends to use any coconspirator as a witness at trial, the person's disclosure on a witness list ahead of trial is generally considered sufficient to prevent unfair surprise. *See, e.g.*, *Hillis*, 2025 WL 2078433, at *5 (noting that "a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial"); *United States v. Hagen*, No. 3:19-CR-0146-B, 2020 WL 1929848, at *13 (N.D. Tex. Apr. 21, 2020) (denying motion where testifying unindicted coconspirators will be identified on a witness list); *see also United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987) (recognizing that "a bill of particulars is a proper procedure for discovering names of coconspirators the Government plans to call as witnesses at trial"). And to the extent Powell asks that the government be required to identify unidentified coconspirators whom the government has since identified but will not call at trial, his conclusory allegation that knowing the identities of unnamed coconspirators will enable "focused investigation" of the conspiratorial agreement and roles does not enable the Court to conclude that a bill of particulars is warranted. *See, e.g.*, *United States v. Lagrone*, *United States v. Lagrone*, No. 4:17-CR-00264-O, 2018 WL 10447064, at *2 (N.D. Tex. Mar. 9, 2018) (denying motion for identification of all

coconspirators); *United States v. Djuga*, No. CIV.A. 14-140, 2015 WL 1412100, at *3 (E.D. La. Mar. 25, 2015) (same); *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at *3 (N.D. Tex. July 15, 2011) (same).

Powell's motion for a bill of particulars (Dkt. No. 64) is **DENIED**.

**SO ORDERED** on November 12, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE